IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REEFEDGE NETWORKS, LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 13-412-LPS |
| JUNIPER NETWORKS, INC., | : |
| Defendant. | : |

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE.

Marc A. Fenster, Alexander C. Giza, Andrew D. Weiss, RUSS AUGUST & KABAT, Los Angeles, CA

    Attorneys for Plaintiff.


Jack B. Blumenfeld, Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE.

Morgan Chu, Jonathan S. Kagan, IRELL & MANELLA LLP, Los Angeles, CA.

Douglas J. Dixon, Timothy J. Heggem, Nima Hefazi, IRELL & MANELLA LLP, Newport Beach, CA.

    Attorneys for Defendant.

**MEMORANDUM OPINION**

March 21, 2014
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

Presently before the Court is Defendant Juniper Networks, Inc.'s ("Juniper") Motion to Dismiss Plaintiff ReefEdge Networks, LLC's ("ReefEdge") Claims for Willful Infringement and Amended Claims for Indirect Infringement. (D.I. 16) The Court held oral argument on the motion on December 18, 2013. (D.I. 66) ("Tr.") For the reasons stated below, the Court will grant the motion.

I.     **BACKGROUND**

On March 13, 2013, ReefEdge Networks, LLC ("ReefEdge") filed its original Complaint against Juniper, asserting claims for direct and indirect infringement of U.S. Patents Nos. 6,633,761 (the "'761 patent"), 6,975,864 (the "'864 patent"), and 7,197,308 (the "'308 patent"). (D.I. 1) On May 3, Juniper moved to dismiss ReefEdge's claims for indirect and joint infringement. (D.I. 9) On May 20, ReefEdge responded to Juniper's motion to dismiss by filing its First Amended Complaint ("FAC"). (D.I. 12) Although the FAC dropped ReefEdge's contributory and joint infringement claims, it reasserted ReefEdge's inducement allegations. (*Id.* at ¶¶ 15, 22, 29) The FAC also added claims for willful infringement. (*Id.* at ¶¶ 16, 23, 30)[1] Juniper now moves to dismiss ReefEdge's claims for willful infringement and amended claims for induced infringement. (D.I. 16)

In the FAC, ReefEdge alleges that Juniper had pre-suit knowledge of the patents-in-suit because Juniper's Deputy General Counsel and Vice President, Intellectual Property, Meredith McKenzie, had knowledge of the patents-in-suit. (D.I. 12 at ¶ 10) According to ReefEdge, Ms. McKenzie is responsible for managing all aspects of intellectual property at Juniper, including

---

[1] The FAC asserts three claims for direct, induced, and willful infringement. (D.I. 12)

1

licensing, patents, and litigation. (*Id.*) The FAC alleges that, prior to joining Juniper, Ms. McKenzie was Senior Director, Intellectual Property at Symantec Corporation ("Symantec"). (*Id.* at ¶ 9) According to ReefEdge, while she worked for Symantec, Ms. McKenzie marketed the patents-in-suit to ReefEdge in a process that ultimately led to ReefEdge's acquisition of the patents-in-suit from Symantec. (*Id.*) Additionally, ReefEdge alleges that after Ms. McKenzie joined Juniper, representatives of ReefEdge made several attempts to meet with Juniper regarding licensing the patents-in-suit. (*Id.* at ¶16) Based on these allegations, ReefEdge argues that Juniper willfully infringed the patents-in-suit because Ms. McKenzie's knowledge of the patents-in-suit may be imputed to Juniper. (D.I. 20 at 1) ReefEdge also alleges that Juniper induces infringement of the patents-in-suit by advertising and providing technical support services for its allegedly infringing products. (D.I. 12 at ¶¶ 15, 22, 29)

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Even though a plaintiff need not allege detailed factual information, in order to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 663. At the motion to dismiss stage, the court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, the court "need not accept

as true threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Willful Infringement

To prove a cause of action for willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Once this first prong is shown, "the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id.* At the pleadings stage, plaintiffs alleging willful infringement must plead facts giving rise to "at least a showing of objective recklessness of the infringement risk." *Id.*; *see also St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012). In addition to pleading knowledge of the patents-in-suit, "[t]he complaint must demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 236 (D. Del. 2012) (internal quotation marks omitted).

In its FAC, ReefEdge alleges that "Juniper's Deputy General Counsel and Vice President, Intellectual Property," Meredith McKenzie, had knowledge of the patents-in-suit due to her previous employment with Symantec Corporation ("Symantec"). (D.I. 12 at ¶ 10) At the time that Ms. McKenzie worked for Symantec, Symantec owned the patents-in-suit. (*Id.* at ¶¶ 9-10) Juniper alleges that Ms. McKenzie was responsible for marketing the patents-in-suit to

ReefEdge. (*Id.* at ¶ 9) Because Ms. McKenzie is now allegedly responsible for managing all aspects of Juniper's intellectual property, ReefEdge continues, her knowledge may be attributed to Juniper. (*Id.* at 10-11)

ReefEdge makes no specific allegations linking the knowledge Ms. McKenzie may have acquired from her work at Symantec to her work at Juniper. For instance, ReefEdge does not allege that Ms. McKenzie performed any analysis of Juniper's products or patent portfolio or even that Deputy General Counsels generally perform such tasks. The only allegation in ReefEdge's FAC that touches on Ms. McKenzie's work states that "[o]n information and belief, Ms. McKenzie is responsible for managing all aspects of intellectual property at Juniper, including licensing." (*Id.* at ¶ 10) ReefEdge does not allege that Ms. McKenzie was aware of Juniper's allegedly infringing products, which were on the market for years before Ms. McKenzie joined Juniper. (D.I. 17 at 7) Furthermore, the FAC does not "demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *MONEC Holding AG*, 897 F.Supp.2d at 236. In the absence of any allegation in the FAC that Ms. McKenzie was involved with the accused product, the Court concludes it would not be reasonable to infer that the "risks of infringement were either known or were so obvious that they should have been known" to Ms. McKenzie and Juniper. *Id.*

ReefEdge also alleges that it made repeated attempts to meet with Juniper to discuss licensing. (D.I. 12 at ¶¶ 16, 23, 30) However the FAC is devoid of any facts alleging that these attempts included identifying the patents-in-suit or the accused products. (*Id.* at ¶¶ 16, 23, 30)

ReefEdge cites this Court's decisions in *SoftView*, 2012 WL 3061027, and *Fairchild*

4

*Semiconductor Corp. v. Power Integrations, Inc.*, 935 F. Supp.2d 772 (D. Del. 2013), for the proposition that this Court has upheld allegations of willful infringement with fewer facts than the facts alleged here. The Court disagrees. The plaintiff in *SoftView* alleged three separate bases for the defendant's pre-suit knowledge of the patents, including the fact that defendant's subsidiary cited the patent-in-suit in one of its own patent applications. *See* 2012 WL 3061027, at *5. In *Fairchild Semiconductor*, the defendant alleged and plaintiff did not contest that plaintiff had actual knowledge of the patent. *See* 935 F. Supp.2d at 777 n.7. ReefEdge's factual allegations do not reach the level of particularity that the allegations in *SoftView* or *Fairchild Semiconductor* reached.

Ultimately, ReefEdge has not pled sufficient facts to successfully allege Juniper's pre-suit knowledge of the patents-in-suit or that Juniper knowingly acted with an objectively high likelihood of infringement. Thus, ReefEdge's willful infringement claims will be dismissed.

### B. Induced Infringement

Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). This Court has held that "the filing of a complaint is sufficient to provide knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement occurring after the filing date." *SoftView*, 2012 WL 3061027, at *7. Additionally, "inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). "To survive a motion to dismiss, therefore, [Plaintiff's] amended complaint[] must

contain facts plausibly showing that [the Defendant] specifically intended [its] customers to infringe the [patents-in-suit] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

ReefEdge alleges that Juniper induces infringement by advertising and providing technical support services for allegedly infringing products. (D.I. 12 at ¶¶ 15, 22, 29) But marketing activities are not sufficient to constitute induced infringement unless the marketing activities are coupled with actual knowledge of the patents-in-suit and awareness that the accused products infringe the patent-in-suit. *Compare Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, 2012 WL 2175788, at *4 (D. Del. June 14, 2012) (finding that because Adobe allegedly had knowledge of patent-in-suit and "was aware that its accused products infringed the patent-in-suit . . . a reasonable juror could . . . conclude that Adobe knew it was inducing users of its accused products to infringe"), *with MONEC Holding AG*, 897 F. Supp. 2d at 234 (assuming defendant had actual knowledge of patents-in-suit, "[a]llegations of marketing activities . . . do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement").

As discussed above, ReefEdge's FAC does not adequately plead facts showing that anyone at Juniper had both pre-suit knowledge of the patents-in-suit and the knowledge that these patents were being infringed. Even if Ms. McKenzie's pre-suit knowledge of the patents-in-suit can be imputed to Juniper, the FAC does not allege any facts showing that Ms. McKenzie had any knowledge of the accused products. Hence, the FAC fails adequately to allege that prior to the filing of this suit, Juniper specifically intended its customers to infringe the patents-in suit.

Accordingly, the FAC's claims for induced infringement prior to the initiation of this lawsuit will be dismissed.

ReefEdge also alleges that Juniper continues to induce infringement despite having actual post-filing knowledge of the patents-in-suit and the accused devices. (*See* D.I. 12 at ¶¶ 15, 22, 29) In the FAC, ReefEdge alleges that Juniper encourages "the use of its products and services in an infringing manner" and then goes on to cite to marketing material directed at using the accused products in an allegedly infringing manner. (*Id.*) ReefEdge also alleges that Juniper induces infringement through its technical support services by "instructing its customers to use its products in an infringing way." (*Id.*)

In *Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, Judge Robinson faced a similar issue. *See* 2013 WL 4017096 (D. Del. Aug. 6, 2013). There, the complaint alleged that the defendant induced infringement by

> providing those customers and others with technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses of the [a]ccused [i]nstrumentalities that promote and demonstrate how to use the [a]ccused [i]nstrumentalities in a manner that would infringe the '519 patent.

*Id.* at *3. Judge Robinson held that the allegation of marketing activity was sufficiently particular to survive a motion to dismiss. *Id.* at *4 ("[P]laintiff's complaint alleges that defendants have the requisite intent by encouraging their customers to infringe . . . whether through marketing, *or* support and instructions.") (emphasis added).

The same analysis leads to the same conclusion here. ReefEdge's allegations of Juniper's marketing activities and instructions to customers to use the accused products in an infringing

manner, even after Juniper had actual notice of the alleged infringement by specific accused products as a result of the filing of the original complaint, pleads specific intent to induce infringement with sufficient particularity.

Accordingly, given the factual allegations regarding the customers' direct infringement, defendant's knowledge of the patents-in-suit, and defendant's specific intent to induce infringement, plaintiff has adequately alleged that Juniper induced direct infringement after the filing of the instant suit.

## IV. CONCLUSION

For the reasons stated above, Juniper's motion is GRANTED IN PART and DENIED IN PART. Willful infringement and pre-suit induced infringement will be dismissed from this case. The case against Juniper will proceed only on the direct infringement and post-filing induced infringement allegations. An appropriate Order follows.